UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITOL RECORDS, INC., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-3431 |
| | § | |
| RHONDA LANG, | § | |
| | § | |
| *Defendant*. | § | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION**

The plaintiffs have alleged that the defendant distributed (including by uploading) and/or reproduced (including by downloading) via the internet or an online media distribution system copyrighted sound recordings owned or controlled by the plaintiffs, without the plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, the defendant has not contested the plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

Before the court is the Stipulation to Judgment and Permanent Injunction (Dkt.6) executed by the parties. Based on the parties' stipulation, the court ORDERS that:

1. The defendant shall pay to the plaintiffs in settlement of this action the sum of $9,280.00.

2. The defendant shall pay the plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $420.00.

3. The defendant shall be and hereby is enjoined from directly or indirectly infringing the plaintiffs' rights under federal or state law in any sound recording, whether now in existence or

later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of the plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

    (a)    using the internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of the plaintiffs; or

    (b)    causing, authorizing, permitting, or facilitating any third party to access the internet or any online media distribution system through the use of an internet connection and/or computer equipment owned or controlled by the defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of the plaintiffs.

The defendant shall also destroy all copies of Plaintiffs' Recordings that the defendant and/or any third party that has used the internet connection and/or computer equipment owned or controlled by the defendant has downloaded without the plaintiffs' authorization onto any computer hard drive or server owned or controlled by the defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in the defendant's possession, custody, or control.

    4.    The defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent

Injunction will expose the defendant to all penalties provided by law, including for contempt of court.

5.  The defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6.  Nothing contained in the Judgment and Permanent Injunction shall limit the right of the plaintiffs to recover damages for any and all infringements by the defendant of any right under federal copyright law or state law occurring after the date the defendant executes the Stipulation to Judgment and Permanent Injunction.

7.  The defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

8.  The court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

9.  Any relief not expressly granted is denied.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on January 17, 1007.

_____
Gray H. Miller
United States District Judge